Ms. Carol Billings Office of the City Attorney 200 East Eighth Avenue, Suite 203 Pine Bluff, AR 71601
Dear Ms. Billings:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You indicate that the City of Pine Bluff has received a request for the personnel records of various employees. The records under consideration in this opinion are the personnel records of five employees who have objected to the release of such records.
You have determined that the records should be released, with certain information redacted. You have provided me with copies of the records, with redactions.
I am directed by law to issue my opinion as to whether your determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that your determinations are generally correct. I identified several records, however, that may be unreleasable under the FOIA's exemptions, although more information than I have would be necessary to reach this conclusion definitively. Because this is information that is available to you, it is a determination that you can readily make.
More specifically, each of the five personnel files contains records that reflect information about the employees' performance on a previous job for an employer that was subject to the FOIA. Some of these records should be classified as these employees' "employee evaluation/job performance records," within the meaning of the FOIA, and their releasability must therefore be analyzed under the standard that is applicable to such records. Some of the records in question are letters of recommendation from the previous employer, and some are summaries by an investigator who apparently reviewed the employee's status with previous employers.
With regard to the letters of recommendation, I note that in some cases, it is not possible to determine whether the letter was written by a supervisor of the employer or by a person who had been a co-worker or supervisee of the employee. If the letter was written by any person other than a supervisor (or other superior) of the employee, it does not constitute an employee evaluation/job performance record, and can therefore be released under the standard that is applicable to the release of "personnel records." However, if the letter was written by a supervisor or other superior, and if the previous employer was an entity that is subject to the FOIA, the letter does constitute an employee evaluation/job performance record, and its release must be analyzed under the standard that is applicable to such records. The fact that these records are in the hands of someone other than the previous employer does not change their status as "employee evaluation/job performance records."See Ops. Att'y Gen. Nos. 2000-279; 2000-257.
The same is true of records reflecting the summaries of an investigator who has reviewed the employees' status under a previous employer who was subject to the FOIA, if those summaries reflect the substance of a previous employer's evaluation of the employee's performance or lack of performance on the job. The fact that these records were actually created at the behest of someone other than the employee's previous employer is immaterial if they contain the substance of that previous employer's evaluation of the employee's performance on the job. Id.
Under the FOIA's applicable standard, "employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The question of whether the above-cited conditions have been met is a question of fact that you, as custodian of the records, must make.
Your determinations concerning the release and redactions of the remainder of the records are consistent with the FOIA.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General